1  Julie L. Hussey, Bar No. 237711
   JHussey@perkinscoie.com
2  PERKINS COIE LLP
   11452 El Camino Real, Suite 300
3  San Diego, CA 92130-2594
   Telephone: 858.720.5700
4  Facsimile: 858.720.5799
5
6  Elliott J. Joh, Bar No. 264927
   EJoh@perkinscoie.com
7  PERKINS COIE LLP
   505 Howard Street, Suite 1000
8  San Francisco, CA 94105-3204
   Telephone: 415.344.7000
9  Facsimile: 415.344.7050
10
   Attorneys for Defendant
11 AMAZON.COM, INC.

12

13                    **UNITED STATES DISTRICT COURT**

14                   **NORTHERN DISTRICT OF CALIFORNIA**

15

| | |
|---|---|
| STATE FARM GENERAL INSURANCE COMPANY, | Case No. |
| Plaintiff, | **DEFENDANT AMAZON.COM, INC.'S NOTICE OF REMOVAL** |
| v. | [Removed from the Superior Court of the State of California for the County of Contra Costa, Case No. C21-00089] |
| AMAZON.COM, INC., AEIUSNY and DOES 1-40 inclusive. | Complaint Filed: January 19, 2021 |
| Defendant. | |

23

24 **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

25        **PLEASE TAKE NOTICE** that defendant Amazon.com, Inc. ("Amazon") hereby

26 removes this civil action from the Superior Court of the State of California, County of Contra

27 Costa, to the United States District Court for the Northern District of California under 28

28

U.S.C. §§ 1332, 1441, and 1446.  Diversity jurisdiction exists because there is complete diversity and the amount in controversy exceeds $75,000.

## I.    INTRODUCTION

1.      This is a subrogation action that involves property damage allegedly caused by a generator purchased through Amazon.com.  Compl. ¶¶ 7-8.  Plaintiff State Farm General Insurance Company ("Plaintiff") brings causes of action on behalf of its insureds for negligence and breach of warranty.  *Id*. at ¶¶ 19-33.

2.      Plaintiff filed its Complaint on January 19, 2021, in the Superior Court of the State of California, County of Contra Costa, Case No. C21-00089.  A true and correct copy of the Complaint and all other documents served on Amazon is attached hereto as Exhibit A.

## II.    THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

3.      This action is removable under 28 U.S.C. § 1441 because this Court would have had original jurisdiction under 28 U.S.C.§ 1332 had Plaintiff filed this action initially in federal court.  Plaintiff is not a citizen of the same state as the named defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.    Complete Diversity Exists

4.      Plaintiff State Farm General Insurance Company is a corporation.  For the purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and of the state in which it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  A corporation's "principal place of business" means the "actual center of direction, control, and coordination."  *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).  Plaintiff is incorporated under the laws of Illinois and its principal place of business is in Illinois.  *See* Compl. ¶ 1.  It is therefore a citizen of Illinois.

5.      Defendant Amazon is a Delaware corporation and its principal place of business is in Washington.  Compl. ¶ 2.  It is therefore a citizen of both Delaware and Washington.

6.      Defendant Aeiusny is alleged to be a business entity located in China.  Compl. ¶ 3. Upon information and belief, Aeiusny is a Chinese company and its principal place of

business is in China.  Amazon has searched the records of the Secretary of State of Illinois and the Secretary of State of California and no entity named Aeiusny is incorporated or organized in Illinois or California or registered to do business in Illinois or California.  Upon information and belief, Aeiusny has not been served.

7.     Because Plaintiff is a citizen of Illinois, whereas the named defendants are citizens of Delaware, Washington, and China, complete diversity exists.

**B.     The Amount in Controversy Exceeds $75,000**

8.     Plaintiff states in its Complaint that its damages total $275,706.62.  Compl. at 6.

9.     By the statements contained in this Notice of Removal, Amazon does not concede that Plaintiffs are entitled to any damages.

### III.     ALL SERVED DEFENDANTS CONSENT TO REMOVAL

10.     To the best of Amazon's knowledge, no other defendant has been served as of the date of this filing.  The court docket does not reflect any service on Aeiusny, the only named co-defendant.  Only defendants who have been "properly joined and served" must consent to removal.  28 U.S.C. § 1446(b)(2)(A).  Because Aeiusny has not been served, its consent is not required.

### IV.     THIS FILING IS TIMELY

11.     Plaintiffs served Amazon on February 15, 2021.  Amazon filed this Notice of Removal within thirty (30) days after it was served.  This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

### V.     VENUE OF REMOVED ACTION

12.     The Northern District of California is the United States district court for the district and division embracing the state court where this action was filed and is pending. Venue is proper in this Court under 28 U.S.C. § 1441(a).

### VI.    NOTICE TO THE STATE COURT

13.    A copy of this Notice of Removal is being served on all served parties and filed with the Superior Court of the State of California, County of Contra Costa, where this case was originally filed.

### VII.    PLEADINGS IN THE STATE COURT ACTION

14.    All process, pleadings, and orders served upon Amazon in this action are attached as Exhibit A.  A true and correct copy of the Contra Costa Superior Court docket for this action is attached as Exhibit B.

### VIII.   NON-WAIVER OF DEFENSES

15.    Amazon expressly reserves all of it defenses.  By removing the action to this Court, Amazon does not waive any rights or defenses available under federal or state law. Amazon expressly reserves the right to move for dismissal of the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.  Nothing in this Notice of Removal should be taken as an admission that Plaintiffs' allegations are sufficient to state a claim or have any substantive merit.

WHEREFORE, Amazon hereby removes the above-entitled case to this Court.

DATED:  March 17, 2021                         **PERKINS COIE LLP**

By: */s/ Elliott J. Joh*
    Julie L. Hussey, Bar No. 237711
    Jhussey@perkinscoie.com
    Elliott J. Joh, Bar No. 264927
    EJoh@perkinscoie.com

Attorneys for Defendant
AMAZON.COM, INC.

# Exhibit A

**SUM-100**

# SUMMONS
## (CITACIÓN JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)



**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
AMAZON.COM, INC., AEIUSNY and DOES 1-40 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
STATE FARM GENERAL INSURANCE COMPANY

F I L E D
JAN 19 2021
K. BIEKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By _____ Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>Superior Court of California<br>725 Court Street<br>Martinez, CA 94553 | CASE NUMBER:<br>(Número del Caso):<br>**21 - 00089** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
David B. Pillemer Esq. 97808 PILLEMER & PILLEMER
17835 Ventura Blvd., Suite 204   (818) 994-4321
Encino, CA 91316

| DATE:<br>(Fecha) JAN 19 2021 | Clerk, by<br>(Secretario) **B. POOL** | , Deputy<br>(Adjunto) |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): AMAZON.COM, INC.
   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☒ by personal delivery on (date): 2/15/2021

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**CEB** Essential **Forms**
ceb.com

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

David B. Pillemer, Esq., State Bar No. 97808
PILLEMER & PILLEMER
17835 Ventura Blvd., Suite 204
Encino, California 91316-3673
Telephone (818) 994-4321 • Facsimile (818) 994-3484
Email: dpillemer@pillemerlaw.com

Attorneys for Plaintiff
STATE FARM GENERAL INSURANCE COMPANY

F I L E D

JAN 19 2021

K. BIEKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By: _____
B. Poet, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF CONTRA COSTA

| | |
|---|---|
| STATE FARM GENERAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> AMAZON.COM, INC., AEIUSNY and DOES 1-40 inclusive, <br><br> Defendant. | CASE NO.: C 21 - 0 0 0 8 9 <br><br> COMPLAINT FOR SUBROGATION, NEGLIGENCE, INDEMNITY AND BREACH OF WARRANTY <br><br> TRIAL DATE: None Set <br> ACTION FILED: <br><br> SUMMONS ISSUED <br><br> THIS CASE IS ASSIGNED TO DEPT 07, FOR ALL PURPOSES. |

Plaintiff alleges:

### GENERAL ALLEGATIONS

1.      That at all times mentioned herein, plaintiff was and now is a corporation duly organized and existing under and by virtue of the laws of the State of Illinois and authorized to conduct fire and casualty insurance business in the State of California.

2.      That at all times mentioned herein, Amazon.com, Inc. (hereinafter "Amazon") was and now is a Washington corporation authorized to and doing business in the County of Contra Costa, State of California.

3.      That at all times mentioned herein, Aeiusny was and now is a business entity, type unknown, located in China and authorized to and doing business in the County of Contra Costa, State of California.

4.     That plaintiff is ignorant of the true names or capacities, be they corporate, associate, individual, or otherwise of defendants sued herein by the fictitious names of Does 1 through 40, and each of them, and plaintiff will ask leave of this Court to amend this Complaint to reflect the true names and capacities of said fictitiously named defendants when the same have been ascertained.

5.     That at all times mentioned herein, Thomas G Frohlich and Judy F. Frohlich, (hereinafter "Frohlich") were insured under policy number 57-CM-V981-5. Said policy was in full force and effect at all times relevant hereto and provided coverage for damage to and destruction of the property of Frohlich located at Lafayette, (hereinafter "Frohlich Property").

6.     That by the terms of said policy of insurance, plaintiff was to reimburse said insureds for damages to or destruction of the aforementioned property.

7.     That prior to November 9, 2019, Aeiusny manufactured an Aeiusny 400W Solar Generator Portable Power Station, 296Wh CPAP Backup Lithium Battery, 110V Pure Sinewave AC Outlet, 12V DC Output, USB Output Power (hereinafter Generator"). Said Generator was sold through Amazon and stocked and stored by Amazon in its facility and distributed by Amazon.

8.     That on or about November 16, 2019, the Generator caught fire while located at the Frohlich Property, causing severe damage to the Frohlich Property.

<u>FIRST CAUSE OF ACTION - SUBROGATION</u>

9.     That plaintiff refers to and realleges Paragraphs 1 through 8 of the General Allegations as though set forth in full herein.

10.    That at all times mentioned herein, defendants Amazon and Does 1-20 were engaged in the business of designing, manufacturing and assembling Generator for sale to and use by members of the general public, and as part of its business, defendants Amazon and Does 1-20 designed, manufactured, and assembled the specific Generator hereinafter referred to.

11.    That at all times mentioned herein, defendant Amazon and Does 21-40 were engaged in the business of selling at retail to members of the general public in the City of

PILLEMER & PILLEMER

1   Lafayette, County of Contra Costa, State of California, the hereinabove described Generator.

2       12.     That at all times mentioned herein, defendants, and each of them, knew and

3   intended that the Generator would be purchased by members of the general public and used

4   by said purchasers and others without inspection for defects.

5       13.     That on or above November 9, 2019, Frohlich purchased the aforementioned

6   Generator from Amazon at its regular place of business hereinafter alleged.

7       14.     That the Generator was, at the time that Frohlich purchased it, defective and

8   unsafe for its intended purpose in that said Generator caught fire, causing destruction to the

9   Frohlich Property.

10      15.     That on or about November 16, 2019, Frohlich had plugged in the Generator to

11  charge it when it caught fire.

12      16.     That as a direct and proximate result of the defect in the Generator, it caught

13  fire, as herein alleged, plaintiff's insureds, Frohlich, sustained damage to their home, their

14  personal property, and incurred additional living expenses in an amount of at least

15  $275,706.62.

16      17.     That plaintiff paid to its insureds the sum of $273,706.62 to date, and will amend

17  the complaint if any additional sums are paid to its insureds. The Frohlichs incurred a

18  deductible of $2,000 that State Farm is seeking to recover herein. That pursuant to the terms

19  of the aforementioned policy of insurance and California State law, plaintiff thereby became

20  subrogated to all of the rights of, entitled to enforce all of the remedies of said insureds

21  against defendants, and each of them.

22      18.     That prior to the commencement of this action, said insureds assigned to plaintiff

23  all of their rights against defendants, and each of them.

24              SECOND CAUSE OF ACTION - NEGLIGENCE

25      19.     That plaintiff refers to and realleges Paragraphs 1 through 8 of the General

26  Allegations and Paragraphs 10 through 18 of the First Cause of Action as though set forth in

27  full herein.

28      20.     That plaintiff is informed and believes, and based thereon alleges that,

PILLEMER & PILLEMER

m:\opn\16086\
complaint_co
mp
201118.11235

- 3 -

1   defendants, and each of them, were the manufacturers, designers, assemblers, distributors,

2   sellers and advertisers of the Generator and all its component parts, and knew, or should

3   have known, that said Generator was to be used by the general public.

4     21. That plaintiff is informed and believes, and based thereon alleges, that the

5   defendants, and each of them, negligently, carelessly, tortiously and wrongfully failed to use

6   reasonable care in the design, manufacture, assembly, distribution, sale and advertising of

7   said Generator.

8     22. That plaintiff is informed and believes, and based thereon alleges, that the

9   defendants, and each of them, knew or should have known that the Generator and its

10   component parts were not adequately designed, manufactured, assembled, distributed and

11   sold to the general public and that the users would be substantially damaged thereby.

12     23. That the defendants herein were under a duty to exercise ordinary care as the

13   manufacturer, designer, distributor, marketer, wholesaler, retailer and advertiser of the

14   Generator to avoid reasonably foreseeable injury to users, purchasers and others of the

15   Generator.

16     24. That the defendants, and each of them, knew or should have foreseen with

17   reasonable certainty that purchasers, users and others would suffer monetary and other

18   damages if the defendants, and each of them, failed to perform their duties to cause the

19   Generator to be completed in a proper and workmanlike manner and fashion.

20     25. That as a direct and proximate result of the foregoing negligence, carelessness

21   and unworkmanlike conduct, action and/or omission by defendants, and each of them, plaintiff

22   has now paid to its insured/s, Frohlich the sum of $275,706.62 for the damages that they

23   suffered and which were covered under the policy issued by State Farm General Insurance

24   Company (hereinafter State Farm").

25     26. That as a direct and proximate result of the payment by State Farm to Frohlich,

26   State Farm became subrogated to their rights against defendants, and each of them.

27        THIRD CAUSE OF ACTION -- INDEMNITY

28     27. That plaintiff refers to and realleges Paragraphs 1 through 8 of the General

PILLEMER & PILLEMER

m:\opn\16086\
complaint_co
mp
201118.11235
0:\opn\

- 4 -

1 Allegations, Paragraphs 10 through 18 of the First Cause of Action, Paragraphs 20 through 26

2 of the Second Cause of Action, as though set forth in full herein.

3   28.   That as a result of paying to plaintiff's insureds all sums upon which plaintiff's

4 insureds made claim, plaintiff became entitled to seek indemnity from defendants, and each of

5 them, for the damages that they caused.

6   29.   That plaintiff has paid to its insureds the sum of $275,706.62. As a direct and

7 proximate result of said payment by State Farm to Frohlich, State Farm became subrogated

8 to the rights of its insureds.

9          FOURTH CAUSE OF ACTION - BREACH OF WARRANTY

10   30.   That plaintiff refers to and realleges Paragraphs 1 through 8 of the General

11 Allegations, Paragraphs 10 through 18 of the First Cause of Action, Paragraphs 20 through 26

12 of the Second Cause of Action, as though set forth in full herein.

13   31.   That in connection with the manufacture, sale, supply, delivery, handling and

14 use of the products previously referred to, Defendants expressly and/or impliedly warranted

15 that said products and merchandise were merchantable and of good quality. Said

16 representations were, in fact, untrue, in that said products and merchandise failed to operate

17 properly, failed to operate as promised both expressly and by implication, and failed to

18 operate in a manner that would reasonably be expected by a reasonable consumer, and said

19 failures caused damage to State Farm's insured. Defendants were, or should have been, fully

20 knowledgeable as to the dangers and defects surrounding the sale, supply, delivery and use

21 of said products and merchandise, and their suitability for the purposes and uses for which

22 they were intended.

23   32.   That in connection with the manufacture, sale, supply, delivery, testing, handling

24 and use of the products and merchandise previously described, Defendants expressly and/or

25 impliedly warranted, through advertising claims and/or product labels that said products and

26 merchandise were suitable for the uses and purposes for which they were intended. State

27 Farm's insured relied upon said representations, which were in fact false and untrue, in that

28 exposure to and use of the products and merchandise previously referred to did, in fact, cause

PILLEMER & PILLEMER

1    serious property damage to State Farm's insured.

2        33.    Plaintiff seeks pre-judgment interest as prescribed by California law upon any

3    and all damages sustained by State Farm's insured as herein above alleged.

4

5        WHEREFORE, plaintiff prays for judgment against defendants, and each of them,

6    jointly and severally, as follows:

7        1.    For damages in the sum of $275,706.62;

8        2.    For pre-judgment interest in all sums awarded at the legal rate;

9        3.    For costs of suit herein incurred; and

10       4.    For such other and further relief as this court deems just and proper.

11

12   DATED: November 18, 2020     PILLEMER & PILLEMER

13

14            By: _____
                   DAVID B. PILLEMER

15                      Attorneys for Plaintiff, State Farm General Insurance
                   Company

16

17

18

19

20

21

22

23

24

25

26

27

28

PILLEMER & PILLEMER

m:\opn\16086\
complaint_co
mp
201118.11235

COMPLAINT FOR SUBROGATION, NEGLIGENCE, INDEMNITY AND BREACH OF WARRANTY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
David B. Pillemer Esq. 97808
PILLEMER & PILLEMER
17835 Ventura Blvd., Suite 204
Encino, CA 91316
TELEPHONE NO.: (818) 994-4321   FAX NO.: (818) 994-3484
ATTORNEY FOR (Name): STATE FARM GENERAL INSURANCE COMPANY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: SAME
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME:

FOR COURT USE ONLY

F I L E D
JAN 19 2021
K. BIEKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By:
B. Pool, Deputy Clerk

CASE NAME: STATE FARM V AMAZON.COM and AEIUSNY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: C21-00089 |
| [X] Unlimited   [ ] Limited | [ ] Counter   [ ] Joinder | JUDGE: |
| (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | DEPT: |

Items 1-6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[X] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): Four
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 1/12/2021

David B. Pillemer
_____
(TYPE OR PRINT NAME)

David B. Pillemer
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CEB | Essential Forms
ceb.com

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

16086

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (not asbestos or
toxic/environmental) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) (not civil
harassment) (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (not unlawful detainer
or wrongful eviction)
Contract/Warranty Breach–Seller
Plaintiff (not fraud or negligence)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (not provisionally
complex) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (not eminent
domain, landlord/tenant, or
foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(arising from provisionally complex
case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (non-
domestic relations)
Sister State Judgment
Administrative Agency Award
(not unpaid taxes)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified
above) (42)
Declaratory Relief Only
Injunctive Relief Only (non-
harassment)
Mechanics Lien
Other Commercial Complaint
Case (non-tort/non-complex)
Other Civil Complaint
(non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (not specified
above) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late
Claim
Other Civil Petition

CEB
ceb.com | Essential Forms

**CIVIL CASE COVER SHEET**

16086

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

STATE FARM GENERAL VS AMAZON.COM

NOTICE OF CASE MANAGEMENT CONFERENCE                    CIVMSC21-00089

1.   NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE: 06/22/21      DEPT: 07      TIME:  8:30

THIS FORM, A COPY OF THE NOTICE TO DEFENDANTS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.   ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.   You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)608-1000 for Unlimited Civil
and Limited Civil cases for assignment of an earlier date.

3.   You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.   At any Case Management Conference the court may make pretrial
orders including the following:

     a.   an order establishing a discovery schedule
     b.   an order referring the case to arbitration
     c.   an order transferring the case to limited jurisdiction
     d.   an order dismissing fictitious defendants
     e.   an order scheduling exchange of expert witness information
     f.   an order setting subsequent conference and the trial date
     g.   an order consolidating cases
     h.   an order severing trial of cross-complaints or bifurcating
          issues
     i.   an order determining when demurrers and motions will be filed

SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

          Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  01/26/21                _____
                                BROOKE POOL
                                Deputy Clerk of the Court

```
***********************************
* CONTRA COSTA SUPERIOR COURT - MARTI *
*                               *
*                               *
* No Jurisdiction               *
*-------------------------------*
* Receipt # 202101260142  Oper: BPOOL *
*  1/26/21 Case #   MSC21-00089   *
* Case Type .: CIVIL             *
* Payment Type: CHECK            *
* Received:          $435.00     *
*        Fee :       $435.00     *
* Change:             $0.00      *
*            - Name -            *
* STATE FARM GENERAL VS AMAZON.COM *
* UNLTD CIV NEW COMPLAINT         *
***********************************
```

CM-110

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br><br><br><br>TELEPHONE NO.:　　　　　　　　　FAX NO.*(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | FOR COURT USE ONLY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
　　　STREET ADDRESS:
　　　MAILING ADDRESS:
　　　CITY AND ZIP CODE:
　　　BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| | |
|---|---|
| **CASE MANAGEMENT STATEMENT**<br>*(Check one):*　☐ **UNLIMITED CASE**　☐ **LIMITED CASE**<br>　　　　　　　(Amount demanded　　(Amount demanded is $25,000<br>　　　　　　　exceeds $25,000)　　or less) | CASE NUMBER: |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date:　　　　　　　　Time:　　　　　　Dept.:　　　　Div.:　　　　　Room:
Address of court *(if different from the address above)*:

☐　**Notice of Intent to Appear by Telephone, by** *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
　a. ☐ This statement is submitted by party *(name)*:
　b. ☐ This statement is submitted **jointly** by parties *(names)*:


2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
　a. The complaint was filed on *(date)*:
　b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
　a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
　b. ☐ The following parties named in the complaint or cross-complaint
　　　(1) ☐ have not been served *(specify names and explain why not)*:

　　　(2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

　　　(3) ☐ have had a default entered against them *(specify names)*:

　c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
　a. Type of case in　☐ complaint　☐ cross-complaint　　*(Describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

CEB | Essential
ceb.com | Forms

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

**CM-110**

| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐ The trial has been set for *(date):*
b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐ days *(specify number):*
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:          f.  Fax number:
e.  E-mail address:          g.  Party represented:
☐ Additional representation is described in Attachment 8.

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)  For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)  For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b.  **Referral to judicial arbitration or civil action mediation** (if available).
(1)  ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under of Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)  ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)  ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CEB Essential Forms
ceb.com

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

CEB ceb.com  Essential Forms

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

11. **Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

13. **Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

16. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

   | Party | Description | Date |
   |---|---|---|
   | | | |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____ ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY)

_____ ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CEB | Essential Forms
ceb.com



**CONTRA COSTA COUNTY SUPERIOR COURT**
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form (CM-110)*;
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions?  Email adrweb@contracosta.courts.ca.gov or call (925) 608-2075*

## MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties email, fax or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediators regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

## PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

## JUDICIAL ARBITRATION (non-binding)

In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties email, fax or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 60 days. Parties must use the ADR-102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)

Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE

Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION

In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties email, fax or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that evaluators regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at adrweb@contracosta.courts.ca.gov

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
### IN AND FOR THE COUNTY OF CONTRA COSTA

_____

_____

Plaintiff(s) / Cross Plaintiff(s)

vs.

_____

_____

Defendant(s) / Cross Defendant(s)

**_ADR Case Management Stipulation and Order_**
**_(Unlimited Jurisdiction Civil Cases)_**

**CASE NO:** _____

---

► ALL PARTIES STIPULATING TO ADR AND DELAYING THEIR CASE MANAGEMENT CONFERENCE 90 DAYS MUST **SUBMIT** THE ORDER FOR THE JUDGE'S SIGNATURE AND FILE THIS FORM AT LEAST 15 DAYS BEFORE THEIR CASE MANAGEMENT CONFERENCE. (NOT AVAILABLE IN COMPLEX LITIGATION CASES.)

► PARTIES MUST ALSO SEND A COPY OF THIS **FILED** STIPULATION AND ORDER TO THE ADR OFFICE: EMAIL adrweb@contracosta.courts.ca.gov  FAX: (925) 608-2109  MAIL: P.O. BOX 911, MARTINEZ, CA 94553

---

Counsel and all parties agree to delay their case management conference 90 days to attend ADR and complete pre-ADR discovery as follows:

1. Selection and scheduling for Alternative Dispute Resolution (ADR):
   a. The parties have agreed to ADR as follows:
      i. ❑ Mediation  (❑ Court-connected ❑ Private)
      ii. ❑ Arbitration  (❑ Judicial Arbitration (non-binding)  ❑ Private (non-binding)  ❑ Private (binding))
      iii. ❑ Neutral case evaluation
   b. The ADR neutral shall be selected by *(date):* _____ *(no more than 14 days after filing this form)*
   c. ADR shall be completed by *(date):* _____ *(no more than 90 days after filing this form)*

2. The parties will complete the following discovery plan:
   a. ❑ Written discovery:  (❑ Additional page(s) attached)
      i. ❑ Interrogatories to:
      ii. ❑ Request for Production of Documents to:
      iii. ❑ Request for Admissions to:
      iv. ❑ Independent Medical Evaluation of:
      v. ❑ Other:
   b. ❑ Deposition of the following parties or witnesses: (❑ Additional page(s) attached)
      i. _____
      ii. _____
      iii. _____
   c. ❑ No Pre-ADR discovery needed

3. The parties also agree: _____
_____

4. Counsel and self-represented parties represent they are familiar with and will fully comply with all local court rules related to ADR as provided in Title Three, Chapter 5, will pay the fees associated with these services, and understand that if they do not, without good cause, comply with this stipulation and all relevant local court rules, they may be subject to sanctions.

| Counsel for Plaintiff *(print)* | Fax | | Counsel for Defendant *(print)* | Fax |
|---|---|---|---|---|
| Signature | | | Signature | |
| Counsel for Plaintiff *(print)* | Fax | | Counsel for Defendant *(print)* | Fax |
| Signature | | | Signature | |

---

Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, IT IS SO ORDERED that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____ ) **Plaintiff / Plaintiff's counsel must notify all parties of the new case management conference.**

Dated: _____          _____
                                      **Judge of the Superior Court**

# Exhibit B



## Case MSC21-00089 - Complaints/Parties

| Complaint Number: 1 | | | | |
|---|---|---|---|---|
| **Complaint Type:** | COMPLAINT | | | |
| **Filing Date:** | 01/19/2021 | | | |
| **Complaint Status:** | ACTIVE | | | |
| Party Number | Party Type | Party Name | Attorney | Party Status |
| 1 | PLAINTIFF | STATE FARM GENERALINSURANCE COMPANY | PILLEMER, DAVID B. | First Paper Fee Paid |
| 2 | DEFENDANT | AMAZON.COM, INC. | | Serve Required (WaitS) |
| 3 | DEFENDANT | AEIUSNY | | Serve Required (WaitS) |

## Case MSC21-00089 - Actions

| Viewed | Date | Action Text | Disposition | Image |
|---|---|---|---|---|
| | 06/22/2021 8:30 AM DEPT. 07 | CASE MANAGEMENT CONFERENCE | | |
| | 03/25/2021 7:00 AM DEPT. 07 | CHECK FOR PROOF OF SERVICE | | |
| | 03/10/2021 | COPIES | Not Applicable | |
| | 01/19/2021 | CLERK`S TICKLER TO CHECK FOR PROOF OF SERVICE WAS SET FOR 3/25/21 AT 7:00 IN DEPT. 07 | | |
| | 01/19/2021 | CASE MANAGEMENT CONFERENCE WAS SET FOR 6/22/21 AT 8:30 IN DEPT. 07 | | |
| | 01/19/2021 | CASE ENTRY COMPLETE | Not Applicable | |
| | 01/19/2021 | ORIGINAL SUMMONS ON COMPLAINT FILED 01/19/2021 OF STATE FARM GENERALINSURANCE COMPANY FILED | Not Applicable | N/A |
| | 01/19/2021 | COLOR OF FILE IS GREEN | Not | |

| | | | Applicable | |
|---|---|---|---|---|
| | 01/19/2021 | COMPLAINT FILED. SUMMONS IS ISSUED | Not Applicable | N/A |
| | 01/19/2021 | CASE HAS BEEN ASSIGNED TO DEPT. 07 | | |

## Case MSC21-00089 - Pending Hearings

| Date | Action Text | Disposition | Image |
|---|---|---|---|
| 06/22/2021 8:30 AM DEPT. 07 | CASE MANAGEMENT CONFERENCE | | |

 

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

STATE FARM GENERAL VS AMAZON.COM

NOTICE OF CASE MANAGEMENT CONFERENCE                CIVMSC21-00089

1.   NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  06/22/21        DEPT:  07        TIME:   8:30

THIS FORM, A COPY OF THE NOTICE TO DEFENDANTS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.   ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.   You may stipulate to an earlier Case Management Conference.   If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)608-1000 for Unlimited Civil
and Limited Civil cases for assignment of an earlier date.

3.   You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.   At any Case Management Conference the court may make pretrial
orders including the following:

   a.   an order establishing a discovery schedule
   b.   an order referring the case to arbitration
   c.   an order transferring the case to limited jurisdiction
   d.   an order dismissing fictitious defendants
   e.   an order scheduling exchange of expert witness information
   f.   an order setting subsequent conference and the trial date
   g.   an order consolidating cases
   h.   an order severing trial of cross-complaints or bifurcating
        issues
   i.   an order determining when demurrers and motions will be filed

                              SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

          Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  01/26/21
                              _____
                              BROOKE POOL
                              Deputy Clerk of the Court

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
AMAZON.COM, INC., AEIUSNY and DOES 1-40 inclusive

F I L E D

JAN 19 2021

K. ...EN CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By_____ B. Pool, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:**

**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
STATE FARM GENERAL INSURANCE COMPANY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):

**CASE NUMBER:**
(Número del Caso): C21-00089

Superior Court of California
725 Court Street
Martinez, CA 94553

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
David B. Pillemer Esq. 97808 PILLEMER & PILLEMER
17835 Ventura Blvd., Suite 204 (818) 994-4321
Encino, CA 91316

DATE:                              Clerk, by          B. POOL          , Deputy
(Fecha) JAN 19 2021            (Secretario)                          (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

CEB Essential Forms
ceb.com

**SUMMONS**

Code of Civil Procedure §§ 412 20, 465
www.courtinfo.ca.gov

16086

1  David B. Pillemer, Esq., State Bar No. 97808
   PILLEMER & PILLEMER
2  17835 Ventura Blvd., Suite 204
   Encino, California 91316-3673
3  Telephone (818) 994-4321 • Facsimile (818) 994-3484
   Email: dpillemer@pillemerlaw.com
4
   Attorneys for Plaintiff
5  STATE FARM GENERAL INSURANCE COMPANY

FILED
JAN 19 2021
K. R. TR CLERK OF THE COURT
GIBRA H COURT OF CALIFORNIA
COULTY OF CONTRA COSTA
By: _____ B. POOL DEPTY CLK

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF CONTRA COSTA

10

| | |
|---|---|
| 11  STATE FARM GENERAL INSURANCE COMPANY, | CASE NO.:  C21 - 00089 |
| 12 | COMPLAINT FOR SUBROGATION, NEGLIGENCE, INDEMNITY AND BREACH OF WARRANTY |
| 13          Plaintiff, | |
| 14  vs. | TRIAL DATE: None Set |
| 15  AMAZON.COM, INC., AEIUSNY and DOES 1-40 inclusive, | ACTION FILED:          SUMMONS ISSUED |
| 16          Defendant. | THIS CASE IS ASSIGNED TO DEPT ○21 FOR ALL |
| 17 | PURPOSES. |

18      Plaintiff alleges:

19                      GENERAL ALLEGATIONS

20      1.      That at all times mentioned herein, plaintiff was and now is a corporation duly

21  organized and existing under and by virtue of the laws of the State of Illinois and authorized to

22  conduct fire and casualty insurance business in the State of California.

23      2.      That at all times mentioned herein, Amazon.com, Inc. (hereinafter Amazon")

24  was and now is a Washington corporation authorized to and doing business in the County of

25  Contra Costa, State of California.

26      3.      That at all times mentioned herein, Aeiusny was and now is a business entity,

27  type unknown, located in China and authorized to and doing business in the County of Contra

28  Costa, State of California.

m:\opn\16086\
complaint_co
mp
201118.11235

- 1 -
COMPLAINT FOR SUBROGATION, NEGLIGENCE, INDEMNITY AND BREACH OF WARRANTY

4.     That plaintiff is ignorant of the true names or capacities, be they corporate, associate, individual, or otherwise of defendants sued herein by the fictitious names of Does 1 through 40, and each of them, and plaintiff will ask leave of this Court to amend this Complaint to reflect the true names and capacities of said fictitiously named defendants when the same have been ascertained.

5.     That at all times mentioned herein, Thomas G Frohlich and Judy F. Frohlich, (hereinafter "Frohlich") were insured under policy number 57-CM-V981-5.  Said policy was in full force and effect at all times relevant hereto and provided coverage for damage to and destruction of the property of Frohlich located at Lafayette, (hereinafter "Frohlich Property").

6.     That by the terms of said policy of insurance, plaintiff was to reimburse said insureds for damages to or destruction of the aforementioned property.

7.     That prior to November 9, 2019, Aeiusny manufactured an Aeiusny 400W Solar Generator Portable Power Station, 296Wh CPAP Backup Lithium Battery, 110V Pure Sinewave AC Outlet, 12V DC Output, USB Output Power (hereinafter Generator").  Said Generator was sold through Amazon and stocked and stored by Amazon in its facility and distributed by Amazon.

8.     That on or about November 16, 2019, the Generator caught fire while located at the Frohlich Property, causing severe damage to the Frohlich Property.

### FIRST CAUSE OF ACTION - SUBROGATION

9.     That plaintiff refers to and realleges Paragraphs 1 through 8 of the General Allegations as though set forth in full herein.

10.     That at all times mentioned herein, defendants Amazon and Does 1-20 were engaged in the business of designing, manufacturing and assembling Generator for sale to and use by members of the general public, and as part of its business, defendants Amazon and Does 1-20 designed, manufactured, and assembled the specific Generator hereinafter referred to.

11.     That at all times mentioned herein, defendant Amazon and Does 21-40 were engaged in the business of selling at retail to members of the general public in the City of

PILLEMER & PILLEMER

1   Lafayette, County of Contra Costa, State of California, the hereinabove described Generator.

2       12.     That at all times mentioned herein, defendants, and each of them, knew and

3   intended that the Generator would be purchased by members of the general public and used

4   by said purchasers and others without inspection for defects.

5       13.     That on or above November 9, 2019, Frohlich purchased the aforementioned

6   Generator from Amazon at its regular place of business hereinafter alleged.

7       14.     That the Generator was, at the time that Frohlich purchased it, defective and

8   unsafe for its intended purpose in that said Generator caught fire, causing destruction to the

9   Frohlich Property.

10      15.     That on or about November 16, 2019, Frohlich had plugged in the Generator to

11  charge it when it caught fire.

12      16.     That as a direct and proximate result of the defect in the Generator, it caught

13  fire, as herein alleged, plaintiff's insureds, Frohlich, sustained damage to their home, their

14  personal property, and incurred additional living expenses in an amount of at least

15  $275,706.62.

16      17.     That plaintiff paid to its insureds the sum of $273,706.62 to date, and will amend

17  the complaint if any additional sums are paid to its insureds.  The Frohlichs incurred a

18  deductible of $2,000 that State Farm is seeking to recover herein. That pursuant to the terms

19  of the aforementioned policy of insurance and California State law, plaintiff thereby became

20  subrogated to all of the rights of, entitled to enforce all of the remedies of said insureds

21  against defendants, and each of them.

22      18.     That prior to the commencement of this action, said insureds assigned to plaintiff

23  all of their rights against defendants, and each of them.

24                      SECOND CAUSE OF ACTION - NEGLIGENCE

25      19.     That plaintiff refers to and realleges Paragraphs 1 through 8 of the General

26  Allegations and Paragraphs 10 through 18 of the First Cause of Action as though set forth in

27  full herein.

28      20.     That plaintiff is informed and believes, and based thereon alleges that,

PILLEMER & PILLEMER

1  defendants, and each of them, were the manufacturers, designers, assemblers, distributors,

2  sellers and advertisers of the Generator and all its component parts, and knew, or should

3  have known, that said Generator was to be used by the general public.

4      21.    That plaintiff is informed and believes, and based thereon alleges, that the

5  defendants, and each of them, negligently, carelessly, tortiously and wrongfully failed to use

6  reasonable care in the design, manufacture, assembly, distribution, sale and advertising of

7  said Generator.

8      22.    That plaintiff is informed and believes, and based thereon alleges, that the

9  defendants, and each of them, knew or should have known that the Generator and its

10  component parts were not adequately designed, manufactured, assembled, distributed and

11  sold to the general public and that the users would be substantially damaged thereby.

12      23.    That the defendants herein were under a duty to exercise ordinary care as the

13  manufacturer, designer, distributor, marketer, wholesaler, retailer and advertiser of the

14  Generator to avoid reasonably foreseeable injury to users, purchasers and others of the

15  Generator.

16      24.    That the defendants, and each of them, knew or should have foreseen with

17  reasonable certainty that purchasers, users and others would suffer monetary and other

18  damages if the defendants, and each of them, failed to perform their duties to cause the

19  Generator to be completed in a proper and workmanlike manner and fashion.

20      25.    That as a direct and proximate result of the foregoing negligence, carelessness

21  and unworkmanlike conduct, action and/or omission by defendants, and each of them, plaintiff

22  has now paid to its insured/s, Frohlich the sum of $275,706.62 for the damages that they

23  suffered and which were covered under the policy issued by State Farm General Insurance

24  Company (hereinafter State Farm").

25      26.    That as a direct and proximate result of the payment by State Farm to Frohlich,

26  State Farm became subrogated to their rights against defendants, and each of them.

27  THIRD CAUSE OF ACTION -- INDEMNITY

28      27.    That plaintiff refers to and realleges Paragraphs 1 through 8 of the General

1 | Allegations, Paragraphs 10 through 18 of the First Cause of Action, Paragraphs 20 through 26
2 | of the Second Cause of Action, as though set forth in full herein.

3 |     28.    That as a result of paying to plaintiff's insureds all sums upon which plaintiff's
4 | insureds made claim, plaintiff became entitled to seek indemnity from defendants, and each of
5 | them, for the damages that they caused.

6 |     29.    That plaintiff has paid to its insureds the sum of $275,706.62.  As a direct and
7 | proximate result of said payment by State Farm to Frohlich, State Farm became subrogated
8 | to the rights of its insureds.

9 | FOURTH CAUSE OF ACTION - BREACH OF WARRANTY

10 |     30.    That plaintiff refers to and realleges Paragraphs 1 through 8 of the General
11 | Allegations, Paragraphs 10 through 18 of the First Cause of Action, Paragraphs 20 through 26
12 | of the Second Cause of Action, as though set forth in full herein.

13 |     31.    That in connection with the manufacture, sale, supply, delivery, handling and
14 | use of the products previously referred to, Defendants expressly and/or impliedly warranted
15 | that said products and merchandise were merchantable and of good quality.  Said
16 | representations were, in fact, untrue, in that said products and merchandise failed to operate
17 | properly, failed to operate as promised both expressly and by implication, and failed to
18 | operate in a manner that would reasonably be expected by a reasonable consumer, and said
19 | failures caused damage to State Farm's insured.  Defendants were, or should have been, fully
20 | knowledgeable as to the dangers and defects surrounding the sale, supply, delivery and use
21 | of said products and merchandise, and their suitability for the purposes and uses for which
22 | they were intended.

23 |     32.    That in connection with the manufacture, sale, supply, delivery, testing, handling
24 | and use of the products and merchandise previously described, Defendants expressly and/or
25 | impliedly warranted, through advertising claims and/or product labels that said products and
26 | merchandise were suitable for the uses and purposes for which they were intended.  State
27 | Farm's insured relied upon said representations, which were in fact false and untrue, in that,
28 | exposure to and use of the products and merchandise previously referred to did, in fact, cause

PILLEMER & PILLEMER

1    serious property damage to State Farm's insured.

2        33.    Plaintiff seeks pre-judgment interest as prescribed by California law upon any

3    and all damages sustained by State Farm's insured as herein above alleged.

4

5        WHEREFORE, plaintiff prays for judgment against defendants, and each of them,

6    jointly and severally, as follows:

7        1.    For damages in the sum of $275,706.62;

8        2.    For pre-judgment interest in all sums awarded at the legal rate;

9        3.    For costs of suit herein incurred; and

10       4.    For such other and further relief as this court deems just and proper.

11

12   DATED:  November 18, 2020        PILLEMER & PILLEMER

13                          By: _____

14                          DAVID B. PILLEMER
                            Attorneys for Plaintiff, State Farm General Insurance
15                          Company

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR SUBROGATION, NEGLIGENCE, INDEMNITY AND BREACH OF WARRANTY

m:\opn\16086
complaint_co
mp
201118.11235

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State .  .  .umber, and address)* | FOR COURT USE ONLY |
| David B. Pillemer Esq. 97808<br>PILLEMER & PILLEMER<br>17835 Ventura Blvd., Suite 204<br>Encino, CA 91316<br>TELEPHONE NO. (818) 994-4321   FAX NO. (818) 994-3484<br>ATTORNEY FOR *(Name)* STATE FARM GENERAL INSURANCE COMPANY | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS 725 Court Street
MAILING ADDRESS SAME
CITY AND ZIP CODE Martinez, CA 94553
BRANCH NAME:

CASE NAME: STATE FARM V AMAZON.COM and AEIUSNY

**FILED**
JAN 19 2021
K. DICKSON CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER C 21 - 00089 |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount        (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | **Real Property**<br>[ ] Eminent domain/Inverse<br>condemnation (14)<br>[ ] Wrongful eviction (33)<br>[X] Other real property (26) | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11) | **Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21) |
| **Employment**<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Other petition *(not specified above)* (43) |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence           f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Four
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 1/12/2021

David B. Pillemer
(TYPE OR PRINT NAME)                    ▶           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CEB | Essential<br>Forms<br>ceb.com | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (not asbestos or toxic/environmental) (24)
Medical Malpractice (45)
  Medical Malpractice-Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
  Contract/Warranty Breach-Seller Plaintiff (not fraud or negligence)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (not provisionally complex) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (not eminent domain, landlord/tenant, or foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court Case Matter
  Writ-Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (non-domestic relations)
  Sister State Judgment
  Administrative Agency Award (not unpaid taxes)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified above) (42)
  Declaratory Relief Only
  Injunctive Relief Only (non-harassment)
  Mechanics Lien
  Other Commercial Complaint Case (non-tort/non-complex)
  Other Civil Complaint (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (not specified above) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record, via the Court's CM/ECF system and US Mail, on March 17, 2021, as follows:

David B. Pillemer
PILLEMER & PILLEMER
17835 Ventura Blvd., Suite 204
Encino, CA 91316-3673
Phone: (818) 994-4321
Fax: (818) 994-3484
Email: dpillemer@pillemerlaw.com
Attorneys for Plaintiff
STATE FARM GENERAL INSURANCE
COMPANY

*/s/ Elliott J. Joh*
Elliott J. Joh